UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.: 18-311(4)(ADM/LIB)

UNITED STATES OF AMERICA,

        Plaintiff,                PLEA AGREEMENT AND
                                          SENTENCING STIPULATIONS

v.

(4) JATWAIN MARTEZ WILLIAMS,

        Defendant.

The United States of America and Jatwain Martez Williams (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

    1.    **Charges.** The defendant agrees to plead guilty to Count 2 of the Indictment, which charges the defendant with Possession with Intent to Distribute Fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2. The United States agrees to move to dismiss Count 1 at the time of sentencing.

    2.    **Factual Basis.** The United States and the defendant agree on the following factual basis for the plea. The defendant further agrees that were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

On or about April 12, 2018, in the State and District of Minnesota, the defendant knowingly and intentionally aided and abetted the possession with intent to distribute 40



grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-eithyl)-4-piperidinyl] propanamide (fentanyl). Specifically, on April 12, 2018, the defendant was driving a motor vehicle that was stopped by law enforcement in Morrison County, Minnesota. The occupants of the vehicle were the defendant and co-defendant Aletha Rochelle Pirtle. During the stop, law enforcement located 203 grams of fentanyl in Pirtle's purse. The defendant admits that he knew that he and Pirtle were transporting fentanyl, an unlawful controlled substance, to the Detroit Lakes, Minnesota area. Thus, the defendant agrees that he jointly possessed the fentanyl located in the vehicle that he was driving. The defendant agrees that he knew and intended that he and Pirtle would distribute the fentanyl to Dawn Lee Kier for further distribution. The defendant agrees that he acted voluntarily and knew that his actions violated the law.

3. **Probable Cause for Charges.** The defendant stipulates that the United States had probable cause to charge all the offenses in the Indictment in this case. The defendant further stipulates that the charge being dismissed is being dismissed as part of the plea process, and not because it lacks a factual basis supporting probable cause.

4. **Waiver of Pretrial Motions.** The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file pre-trial motions in this case.

5. **Statutory Penalties.** The parties agree that Count 2 of the Indictment carries statutory penalties of:

    a.    **a mandatory minimum of 5 years' imprisonment;**

      b.    a maximum 40 years' imprisonment;

      c.    a supervised release term of at least 4 years up to a maximum supervised release term of 5 years;

      d.    a fine up to $5,000,000;

      e.    a mandatory special assessment of $100;

      f.    assessment to the defendant of the costs of prosecution; and

      g.    the possible denial of federal benefits under 21 U.S.C. § 862(a)(1).

6.    **"Safety valve" eligibility.**  Based on the information currently available, the parties believe the defendant may qualify for sentencing pursuant to Title 18, United States Code, Section 3553(f) ("safety valve") and Section 402 of the First Step Act passed in 2018. Thus, the Court may impose a sentence pursuant to the Sentencing Guidelines and without regard to any statutory minimum sentence if the Court finds at sentencing, after the government is afforded the opportunity to make a recommendation, that (1) the defendant has no more than 4 criminal history points as determined under the sentencing guidelines (excluding 3-point offenses and 2-point violent offenses); (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon in connection with the offense; (3) the offense did not result in death or serious bodily injury to any person; (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense and did not engage in a continuing criminal enterprise; and (5) not later than the time of the sentencing hearing, the defendant truthfully provides to the United States all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan.

This is **not** a binding stipulation between the parties. The application of this provision to the defendant will be determined at the time of sentencing.

7. **Revocation of Supervised Release.** The defendant understands that if the defendant were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

8. **Guideline Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations:

    a. Applicable Guidelines. The applicable version of the Sentencing Guidelines incorporates amendments through November 1, 2018. Guideline Section 2D1.1 applies to Count 2 of the Indictment.

    b. Base Offense Level. The parties agree that the base offense level for Possession with Intent to Distribute Fentanyl is **26**. U.S.S.G. §§ 2D1.1(a)(5) and (c)(7).

    c. Specific Offense Characteristics. The parties agree that the offense level should be decreased by **2** levels if the defendant meets the criteria set forth in subdivision (1)-(5) of subsection (a) of § 5C1.2. U.S.S.G. § 2D1.1(b)(18).

    The parties agree that no other specific offense characteristics apply.

    d. Acceptance of Responsibility. The government agrees to recommend that the defendant receive a **2-level** reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and to move for an additional **1-level** reduction under U.S.S.G. § 3E1.1(b). Whether

4

there will be a reduction for acceptance of responsibility shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendation is conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete, and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

The parties agree that other than as provided herein, no other Chapter 3 adjustments apply.

e.  Criminal History Category. Based on information available at this time, the parties believe that the defendant's criminal history category is **I**. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. Defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence that should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

f.  Guideline Range. If the adjusted offense level is **21**, and the criminal history category is **I**, the Sentencing Guidelines range is **37-46** months of imprisonment. If the adjusted offense level is **23**, and the criminal history category is **I**, the Sentencing Guidelines range is **46-57** months of imprisonment.

**The defendant understands that if the defendant does not meet the requirements for safety-valve eligibility, the statutory mandatory minimum sentence in this matter is 60 months' imprisonment regardless of the Sentencing Guidelines range calculated.**

g.  Fine Range. If the adjusted offense level is **21**, the fine range is **$15,000** to **$150,000**. If the adjusted offense level is **23**, the fine range is **$20,000** to **$200,000**. U.S.S.G. § 5E1.2(c)(3).

   h. <u>Supervised Release</u>. The Sentencing Guidelines require a term of supervised release of at least **4** years. U.S.S.G. § 5D1.2; 21 U.S.C. § 841(b)(1)(B).

   i. <u>Sentencing Recommendation and Departures</u>. The parties reserve the right to make a motion for departure from the applicable Guidelines range and to oppose any such motion made by the opposing party. The parties reserve the right to argue for a sentence outside the applicable Guidelines range.

  9. **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable guidelines calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

  10. **Special Assessment.** The Guidelines require payment of a special assessment of $100 for each felony count of which the defendant is convicted. U.S.S.G. § 5E1.3. The defendant agrees that the special assessment is payable at sentencing.

  11. **Waivers of Appeal and Collateral Attack.** The defendant understands that 18 U.S.C. § 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the government in this plea agreement, the defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal defendant's sentence, unless the sentence exceeds **60** months of

imprisonment. The government hereby waives all rights to appeal the defendant's sentence, unless the sentence is lower than **36** months of imprisonment. In addition, the defendant expressly waives the right to petition under 28 U.S.C. § 2255, but reserves the right to raise the issue of ineffective assistance of counsel. The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

12. **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all property constituting, or derived from proceeds obtained from the offense, and all property used, in any manner or part, to commit or to facilitate the commission of the offense outlined in the Indictment.

13. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

14. **Complete Agreement.** This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

Date: May 8, 2019

ERICA H. MacDONALD
United States Attorney

BY: DEIDRE Y. AANSTAD
Assistant U.S. Attorney

Date: May 8, 2019

JATWAIN MARTEZ WILLIAMS,
Defendant

Date: May 8, 2019

BRUCE RIVERS,
Counsel for Defendant